IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MARK S. MCVEY                                                                                          PLAINTIFF

V.                                           NO. 12-3033

MICHAEL J. ASTRUE,[1]
Commissioner of the Social Security Administration                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Mark S. McVey, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff filed his application for SSI on October 28, 2010, alleging an inability to work since September 7, 2010, due to "Chronic depression, chronic pain, back pain, hypertension." (Tr. 158-163, 175, 179). An administrative hearing was held on September 22, 2011, at which

---

[1] Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

Plaintiff appeared with counsel and testified. (Tr. 27-66).

By written decision dated October 26, 2011, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - back disorder, hypertension, substance abuse disorder and seizures. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 416.967(b) except the claimant must avoid hazards including no unrestricted heights and moving machinery. He can frequently reach in all directions, finger, handle, climb, balance, crawl, kneel, stoop and crouch. The claimant is also limited to work where interpersonal contact is incidental to the work performed, the complexity of the tasks is learned and performed by rote with few variables and little judgment involved. Supervision required is simple, direct and concrete.

(Tr. 15). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was unable to perform any past relevant work, but that there were other jobs Plaintiff could perform, such as cashier, machine tender, and inspector. (Tr. 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on January 26, 2012. (Tr. 1-4). Subsequently Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

AO72A
(Rev. 8/82)

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

## III.   Discussion:

What causes the Court concern is the fact that on August 26, 2011, Plaintiff suffered from an acute infarct[2] in the left posterior basal ganglia,[3] and was discharged in stable condition from the hospital on August 29, 2011. (Tr. 324, 338, 330-331). At the hearing held before the ALJ on September 22, 2011, Plaintiff testified that his condition had worsened since the incident. (Tr. 36). He testified that when he walked, he would slide rather than pick up his feet, and said that his equilibrium was completely off. (Tr. 39). He stated that when he extended his left arm, it was instant pain. (Tr. 39). He further testified that ever since the August 26, 2011 incident, it was

---

[2]Infarct - An area of necrosis resulting from a sudden insufficiency of arterial or venous blood supply. Stedman's Medical Dictionary 968 (28th ed. 2006).

[3]Basal ganglia - Originally, all the large masses of gray matter at the base of the cerebral hemisphere; as currently used, the striate body (caudate and lentiform nuclei); cell groups functionally associated with the striate body, such as the subthalamic nucleus and substantia nigra are frequently, but incorrectly, grouped as part of the basal nuclei/ganglia. Id. at 785.

like he was "carrying a sack of potatoes around on this side here." (Tr. 51). His former employer also testified that since the August 26, 2011 incident, he has seen Plaintiff limping. (Tr. 60).

The most recent Physical RFC Assessment in this case was completed on November 19, 2010, by Dr. Julius Petty. (Tr. 239-246). Dr. Petty concluded that Plaintiff would be able to perform medium work. (Tr. 246). Plaintiff's most recent mental evaluation was conducted on January 13, 2011, by Nancy A. Bunting, Ph.D. (Tr. 248-252). Dr. Bunting diagnosed Plaintiff as follows:

>    Axis I:    polysubstance and alcohol dependence in remission by report
>    Axis II:   no diagnosis
>    Axis III:  injured arm
>    Axis IV:   moderate (with support from friend)
>    Axis V:    GAF 48-58

(Tr. 251).

The ALJ found Plaintiff would be able to perform light work with certain limitations, based upon the record as a whole. However, based upon the recent stroke-like incident that occurred on August 26, 2011, the Court is of the opinion that a Physical RFC Assessment should be completed by an examining physician in order to determine the effect the August 2011 stroke-like incident had on his physical ability to function in the workplace. The Court also recommends that the ALJ obtain a Mental RFC Assessment from an examining consultant, to determine whether the stroke-like incident impacted Plaintiff's mental ability to function in the workplace. Once received, the ALJ should then re-evaluate the RFC Assessment in light of the new information.

Accordingly, the Court believes it is necessary to remand this matter to the Defendant in

AO72A
(Rev. 8/82)

order for him to obtain more recent Physical and Mental RFC Assessments from examining consultants.

IV. **Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ORDERED this 14th day of June, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE