IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MARK S. MCVEY                                                                          PLAINTIFF

V.                                            NO. 12-3033

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration              DEFENDANT

## O R D E R

Plaintiff, Mark S. McVey, appealed the Commissioner's denial of benefits to this Court.

On June 14, 2013, a Judgment was entered remanding this matter to the Commissioner pursuant

to sentence four of 42 U.S.C. § 405(g). (Doc. 11). Plaintiff now moves for an award of $1,278.59

in attorney's fees, paralegal's fees, and expenses under 28 U.S.C. § 2412, the Equal Access to

Justice Act (hereinafter "EAJA"), requesting compensation for 5.30 hours of attorney work

performed before the Court in 2012 and 2013, and for 5.80 hours of paralegal work performed

before the Court in 2012 and 2013, at an hourly rate of $155.00 for the attorney, and $75.00 for

the paralegal. (Doc. 13-11).

Defendant has filed a response, stating that she has no objection to the hourly rate. (Doc.

14).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a

prevailing social security claimant unless the Commissioner's position in denying benefits was

substantially justified.  The burden is on the Commissioner to show substantial justification for

_____

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as
Defendant, pursuant to Rule  25(d)(1) of the Federal Rules of Civil Procedure.

the government's denial of benefits.  Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986).

Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a

sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case

for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the

following factors:  time and labor required;  the novelty and difficulty of questions involved;  the

skill required to handle the problems presented;  the preclusion of employment by the attorney

due to acceptance of the case;  the customary fee;  whether the fee is fixed or contingent;  time

limitations imposed by the client or the circumstances;  the amount involved and the results

obtained;  the attorney's experience, reputation and ability;  the "undesirability" of the case;  the

nature and length of the professional relationship with the client;  and awards in similar cases.

Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit.  Pierce v. Underwood,

487 U.S. 552, 573 (1988).  The Court can determine the reasonableness and accuracy of a fee

request, even in the absence of an objection by the Commissioner.  Clements v. Astrue, 2009 WL

4508480 (W.D. Ark. Dec. 1, 2009);  see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir.

1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately

calculated attorney's fee award.").

The  EAJA  further  requires  an  attorney  seeking  fees  to  submit  "an  itemized

statement...stating the actual time expended and the rate at which fees and other expenses were

computed."  28 U.S.C. § 2412(d)(1)(B).  Attorneys seeking fees under federal fee-shifting

statutes such as the EAJA are required to present fee applications with "contemporaneous time

-2-

records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $155.00 for work performed in 2012 and 2013, for the 5.30 attorney hours which he asserts were devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Hensley, 461 U.S. at 437. Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Plaintiff's counsel submitted a CPI-Urban in support of his requested hourly rate. Amended General Order 39 provides that the CPI-South index is to be used in computing cost of living increases. The CPI-South index supports counsel's requested hourly rate.[2] Accordingly, the Court finds that an award based upon an hourly rate of $155.00, reflecting an increase in the cost of living, is appropriate in this instance. See Johnson, 919 F.2d at 505.

_____

[2] Per Amended General Order 39, the allowable rate for each year is as follows, and for simplicity sake, the figure is rounded to the nearest dollar:
2011 - 212.488 x 125 divided by 152.4 (March 1996 CPI-South)= $174.28/hour - $174.00
2012 - 219.469 x 125 divided by 152.4 (March 1996 CPI-South)= $180.01 hour - $180.00
2013 - 223.109 x 125 divided by 152.4 (March 1996 CPI-South) = 182.99/hour - $183.00.

The Court next addresses the number of hours Plaintiff's counsel claims he spent working on this case.

Plaintiff's counsel seeks .25 paralegal hours for "Receipt and review of file-marked copy of the complaint with summons. Review of file." and .50 paralegal hours for "Letters to all the parties serving the summons with attached complaint upon them. Review of file." These activities are clerical in nature and cannot be compensated under the EAJA. Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir. 1987)(work which could have been completed by support staff is not compensable under the EAJA). Accordingly, .75 paralegal hours will be deducted.

Plaintiff's counsel seeks 2.00 paralegal hours for preparation of the exhibits for EAJA pleadings, and Review of file. The Court believes that the time claimed for preparing what appears to be the standard fee petition and brief submitted by Plaintiff's counsel in social security cases is excessive. The Court will deduct 1 paralegal hour from the time claimed.

Plaintiff's counsel seeks $22.09 in postage. This amount shall be characterized as an expense per 28 U.S.C. § 2412(b),(d).

In his response, Defendant asks the Court to designate Plaintiff as payee of the EAJA award, and not Plaintiff's counsel. Based upon the holding in Astrue v. Ratliff, 130 S.Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

Based upon the foregoing, the Court finds that Plaintiff's counsel should be awarded an attorney's fee under the EAJA for: 5.30 attorney hours at an hourly rate of $155.00 for work performed in 2012 and 2013; 4.05 paralegal hours (5.80 hours less 1.75 hours) at an hourly rate of $75.00 for work performed in 2012 and 2013; for a total attorney's fee award of $1,125.25,

-4-

plus postage expenses of $22.09. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

DATED this 20th day of September, 2013.

/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)